IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Angelo Ham, #315014,<br>a.k.a. Angelo Bernard Ham,<br>                      Plaintiff,<br><br>     vs.<br><br>Jon Ozmint, et al.,<br>                      Defendants. | Civil Action No. 6:10-1095-DCN-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion for preliminary injunction and temporary restraining order. The plaintiff, an inmate at Lee Correctional Institution ("LCI") who is proceeding *pro se*, alleges that he has been denied out of cell exercise for six months.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

In his motion for preliminary injunction, the plaintiff states that he is serving a concurrent sentence of life without parole for murder and 25 years for armed robbery. He alleges that prisoners housed in the Special Management Unit ("SMU") at LCI "are confined to their cell 23 hours a day but, however, majority of the prisoners is only allowed to receive a maximum of 30 minutes for a shower three times a week" (pl. m. for prelim. inj. 2).

To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.* 129 S. Ct. 365, 374 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1

(D.S.C. August 18, 2009) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir.1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The defendants argue that the plaintiff has failed to make the required showing to obtain a preliminary injunction. This court agrees. As pointed out by the defendants, the plaintiff's motion is merely a recitation of the allegations contained in his complaint. While prisoners have a constitutional right to receive some sort of opportunity for physical activity, "this right may be curtailed if prison officials have a compelling reason such as security concerns." *See Joe v. Ozmint,* C.A. No. 2:08-585-PMD-RSC, 2008 WL 5076858, at **5-6 (D.S.C. 2008) (finding "a restriction on an inmate's right to exercise, even a complete deprivation of the right to exercise for a temporary period of time, does not rise to the level of a constitutional violation unless it is so extreme that it has an adverse impact on the inmate's mental or physical well-being. This is particularly true when the deprivation is brought about by the inmate's own dangerous behavior, which leads officials to segregate the inmate from exercising with other inmates for safety or disciplinary reasons").

The plaintiff is currently being housed in Lee's SMU under security detention. According to the affidavit of defendant Bruce Oberman, Lee's SMU Administrator, SCDC's policy provides for exercise time for inmates housed in the SMU. Out-of-cell exercise time is contingent upon an inmate's behavior, ability to follow policies and procedures, security mandates, and suitable weather. Inmates in the SMU are evaluated daily to determine if their behavior conforms with policies and procedures. According to Mr. Oberman, the plaintiff often fails to comply with SMU polices, procedures, and orders of staff, and he therefore often loses his out-of-cell recreation privileges. However, the plaintiff is not prohibited from exercising in his cell (Oberman aff. ¶¶ 1-8). Furthermore, the plaintiff

2

asserts nothing more than conclusory allegations, and there is no evidence before the court that the plaintiff has been denied all out-of-cell exercise since October 2009 as he alleges.

The plaintiff has failed to establish the elements required to obtain a preliminary injunction. Wherefore, based on the foregoing, it is recommended that the plaintiff's motion (doc. 22) be denied.

August 12, 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge