IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Angelo Ham,<br><br>                      Plaintiff,<br><br>vs.<br><br>Jon Ozmint, Anthony J. Padula,<br>John J. Brooks, Bruce Oberman,<br>Ronnie Cribb, Mr. Cain, and<br>Mr. Godfrey,<br><br>                      Defendants. | Civil Action No. 6:10-cv-1095-DCN-KFM<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on several motions by the plaintiff and a motion for extension of time by the defendant. The plaintiff, an inmate at Lee Correctional Institution ("LCI") who is proceeding *pro se*, alleges that he has been denied out of cell exercise for six months.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff filed a motion to amend his complaint to include the first names of defendants Mr. Cain and Mr. Godfrey. According to the plaintiff, he has discovered that defendant Cain is Darryl Cain and defendant Godfrey is Christopher Godfrey. The plaintiff's motion is granted, and the Clerk of Court is directed to amend the caption to include the first names of these defendants.

The plaintiff filed a motion to compel on August 13, 2010. According to the defendants, the plaintiff served them with his First Request for Production of Documents on July 7, 2010. The defendants served their responses on August 6, 2010. The defendants argue that they have provided all relevant, non-privileged, non-confidential documents to the

plaintiff. The plaintiff requests copies of SCDC policies, but, according to the defendants, the plaintiff has access to such policies in the law library at LCI. The plaintiff also seeks certain logbooks, which the defendants object to producing on the ground that the information contained therein may compromise institutional security if divulged. This court has reviewed the defendants' responses and objections and finds that the defendants have adequately responded. Accordingly, the motion to compel is denied.

On August 6, 2010, the plaintiff filed a motion for an inspection and/or examination requesting that the court order an investigator to "examine, measure, and photograph" the plaintiff's cell in the Special Management Unit ("SMU") at LCI and the recreational fields on the south side of the SMU. The defendants argue that the plaintiff may not request the court to provide him with an investigator to conduct any inspection or examination. The defendants further argue pursuant to Federal Rule of Civil Procedure 34(b) that such an inspection or examination may compromise the institutional security, safety, and orderly operation of the institution. Furthermore, they argue that such inspection and examination is unduly burdensome and not calculated to lead to the discovery of admissible evidence. The defendants state that in the interest of cooperation they are willing to stipulate as to the measurements of the cell and the recreational field. The defendants are directed to provide such measurements to the plaintiff on or before September 27, 2010. Based upon the foregoing, the plaintiff's motion is denied.

The plaintiff filed a motion for entry of default arguing that the defendants failed to timely respond to his motion for preliminary injunction and temporary restraining order.[1] First, entry of default is appropriate when a party fails to timely plead. Fed.R.Civ.P. 55. Here, there is no allegation the defendants failed to timely answer the plaintiff's complaint. Secondly, this court extended the time for the defendants' response to the motion until August

---

[1]The motion for preliminary injunction and temporary restraining order was denied by the Honorable David C. Norton, Chief United States District Judge, on August 23, 2010.

6, 2010 (*see* doc. 30).  The defendants timely filed their opposition on that date (*see* doc. 47). Accordingly, the motion for entry of default should be denied.

The defendants have filed a motion to extend the time for filing dispositive motions from August 27, 2010, to September 27, 2010.  The defendants state that counsel has been unable to secure necessary affidavits and supporting documentation in support of the motion for summary judgment.  Particularly, the Grievance Coordinator for SCDC has been on a leave of absence.  This would be the first such extension, and no other deadlines would be affected.  Based upon the foregoing, the motion is granted.

Wherefore, based upon the foregoing, the plaintiff's motions to compel and for inspection (docs. 50, 57) are denied, the plaintiff's motion to amend (doc. 46) is granted, and the defendants' motion for extension of time is granted (doc. 65).  The deadline for filing dispositive motions is extended until on or before September 27, 2010.  Furthermore, it is recommended that the plaintiff's motion for entry of default (doc. 58) be denied.

s/Kevin F. McDonald  
United States Magistrate Judge

August 27, 2010

Greenville, South Carolina

3