IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Angelo Ham, #315014, )
a.k.a. Angelo Bernard Ham, ) Civil Action No. 6:10-1095-DCN-KFM
)
        Plaintiff, )
) **O R D E R**
  vs. )
)
Jon Ozmint, et al., )
)
        Defendants. )
)

      This matter is before the court on the plaintiff's motion for appointment of counsel (doc. 90), motion to compel discovery (doc. 94), and motion for extension of time to respond to the defendants' motion for summary judgment (doc. 97). The plaintiff, an inmate at Lee Correctional Institution ("LCI") who is proceeding *pro se*, alleges that he has been denied out of cell exercise for six months.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

*Motion for Appointment of Counsel*

      The Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases. 53 Comp. Gen. 638 (1974). Although this economic fact is not conclusively determinative of the issue, it is a practical consideration which cannot be ignored. Moreover, it has been authoritatively stated in this context that a person who has a legitimate civil rights claim for damages "will likely find private counsel available on a contingent fee basis." *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978). In most civil rights cases, the issues are not complex, and whenever such a case is brought by a *pro se* litigant, this court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his or her case. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). In some instances, of course, a failure to make a discretionary appointment of counsel may represent an abuse of discretion,

but this is not the type of case which presents factors that clearly reflect a need for the plaintiff to have counsel appointed.

Based on the foregoing, the motion for appointment of counsel is denied.

***Motion to Compel Discovery***

The plaintiff contends in his motion to compel that the defendants have failed to fully answer Interrogatory Nos. 1-8 that he served on the defendants on September 3, 2010. He further contends that the defendants have failed to produce certain documents in response to requests to produce that he served on September 2, 2010. Specifically, the plaintiff seeks SCDC Form(s) 19-32 (SMU Daily Evaluation Sheets) and SCDC Form(s) 19-7 (Cell Check Log) that were assigned to him since October 2009.

The defendants oppose the motion, noting they served their responses to the plaintiff's discovery requests on October 4, 2010. This court has reviewed the defendants' responses to the plaintiff's interrogatories and finds that they have adequately responded (*see* def. resp. m. to compel, ex. A). Further, with regard to the requests to produce, the defendants objected to producing the documents because "the information contained therein may compromise institutional security if divulged as Plaintiff may ascertain patterns and monitoring techniques utilized by SCDC staff in the SMU" (*id.*). This court has reviewed the defendants' responses and objections to the requests to produce and finds that the defendants have adequately responded. Accordingly, the motion to compel is denied.

***Motion for Extension of Time***

The plaintiff also moves for an extension of time within which to respond to the defendants' motion for summary judgment. The plaintiff's response is currently due on November 1, 2010. He seeks an extension through December 3, 2010. The motion for extension of time is granted.

IT IS SO ORDERED.

November 1, 2010                                         s/Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge