IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Angelo Ham, #315014, <br> a.k.a. Angelo Bernard Ham, <br><br> Plaintiff, <br><br> vs. <br><br> Jon Ozmint, Anthony J. Padula, <br> John J. Brooks, Bruce Oberman, <br> Ronnie Cribb, Mr. Cain, and <br> Mr. Godfrey, <br><br> Defendants. | Civil Action No. 6:10-1095-DCN-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion for summary judgment (doc. 87). The plaintiff, a state prisoner proceeding *pro se*, filed his complaint seeking relief pursuant to Title 42, United States Code, Section 1983. He raises an Eighth Amendment challenge to the conditions of his confinement, alleging that the defendants, all employees of the South Carolina Department of Corrections ("SCDC"), denied him out-of-cell exercise privileges for "six or more months" (comp. at p. 2).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On September 27, 2010, the defendants filed a motion for summary judgment. On September 28, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On December 2, 2010, the plaintiff filed his response in opposition to the motion.

## FACTS PRESENTED

The plaintiff is an inmate at SCDC's Lee Correctional Institution ("LCI") serving a life sentence for murder. At all times relevant to his complaint, he was housed in the facility's Special Management Unit ("SMU"). His complaint and amended complaint charge that when he fails to comply with certain LCI-SMU rules, he loses out-of-cell exercise privileges. He contends that out-of-cell exercise privileges must be extended by LCI and are not "optional" (comp. at p. 3). He claims the loss of out-of-cell exercise has caused him to suffer leg cramps, headaches, and stress. He seeks nominal and punitive damages and an award of costs against each of the named defendants.

Defendant Ozmint is the former Director of the SCDC. Defendants Padula and Brooks are the Warden and Associate Warden at LCI, respectively. Defendants Oberman, Cribb, Cain, and Godfrey are SCDC employees assigned to LCI's SMU. With the exception of Ozmint, against whom no allegations are made, each defendant allegedly received complaints and/or formal grievances from the plaintiff regarding his denial of out-of-cell exercise privileges. In their answer and motion for summary judgment, the defendants deny that they violated the plaintiff's constitutional rights. They argue that the plaintiff has failed to exhaust his administrative remedies.[1] While they do not dispute that the plaintiff has been denied out-of-cell exercise, they respond that the denial was justified for numerous security and disciplinary concerns created by the plaintiff. They also challenge the plaintiff's assertion that his purported medical issues resulted from his lack of out-of-cell exercise. Finally, they point out that while the plaintiff has been denied out-of-cell exercise and recreation for violating SMU policies, he has not been prevented from exercising in his cell.

---

[1] An affidavit of Mary Coleman, who is over inmate grievances for the SCDC, reveals that an initial grievance was mishandled by the defendants (Coleman aff. ¶¶ 4-5). Accordingly, this defense will not be considered, and the plaintiff's claim will be considered on the merits.

2

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S.

at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

### *Defendant Ozmint*

While the plaintiff makes various allegations against the other defendants, he fails to make any allegation against Ozmint, the former Director of the SCDC. To the extent the plaintiff seeks to hold Ozmint liable in his supervisory capacity, the doctrine of *respondeat superior* generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). Furthermore, the plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.). The plaintiff has failed to make such a showing here. Based upon the foregoing, the claim against defendant Ozmint fails.

### *Conditions of Confinement*

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment regarding the conditions of his confinement, a prisoner must prove that he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation. *See Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). The first prong of the *Strickler* analysis requires an objective showing that the deprivation was sufficiently serious, such that significant physical or emotional injury resulted from it, while the

4

second prong is a subjective test requiring evidence that prison officials acted with a sufficiently culpable state of mind. *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

"[D]epriving inmates of *all* meaningful opportunities to exercise generally violates the Eighth Amendment prohibitions against cruel and unusual punishments." *Mitchell v. Rice,* 954 F.2d 187, 193 (4th Cir. 1992) (emphasis added). In *Mitchell* and subsequent cases, the Fourth Circuit Court of Appeals declined to announce a bright-line rule as to how long the period of deprivation of out-of-cell exercise or recreation must be to violate the Eighth Amendment, nor has an actionable distinction been made between in-cell and out-of-cell exercise deprivations. Instead, a totality of the circumstances in a given case should be considered. *Id.* at 191.

The plaintiff contends that he was deprived out-of-cell exercise for six or more months,[2] from approximately September 2009 through March 2010. That contention may touch upon constitutional concerns; however, it is insufficient alone to meet the objective prong of the *Strickler* analysis as the plaintiff must further provide some evidence that the deprivation was so extreme as to cause him to suffer some serious or significant physical or emotional injury. *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler*, 989 F.2d at 1381). To this end, the plaintiff points to leg cramps, headaches, and stress he purportedly suffered during the same six-month period. However, he fails to present any evidence that these physical problems are related in any way to his lack of out-of-cell exercise. As argued by the defendants, and borne out by the relevant medical reports of record, the plaintiff complained of back pain and headaches to LCI staff prior to the period at issue (doc. 87-4, pl. med. screen dated April 18, 2006). Further, during the period at issue, the plaintiff was seen by the medical and mental health staff at LCI on at least six different occasions, and not once during these encounters did he attribute any of his reported problems to the lack of out-of-cell exercise (doc. 87-5, pl. med. records at pp. 8-10). Moreover, even if the plaintiff's purported

---

[2]To refute this contention, defendant Oberman testifies by way of affidavit that the plaintiff lost out-of-cell recreation privileges 9 times in October 2009, 8 times in November 2009, and 7 times in January 2010 (Oberman aff. ¶7). While this suggests that the plaintiff did not lose these privileges on the remaining days during the period, the defendants do not offer such evidence.

5

injuries could be traced to his lack of out-of-cell exercise, they are not sufficiently serious or significant to violate the Eighth Amendment. The medical records show that in response to his complaints, he was provided ibuprofen, acetaminophen, and the muscle relaxer chlorzoxazone for leg cramps and back pain, and he was instructed to avoid strenuous activity and to practice relaxation techniques (*id.*). Furthermore, the plaintiff has been seen by mental health counselors on numerous occasions, and he mentioned a lack of out-of-cell recreation only one time (*id.* at encounters 57, 59, 65, 74 [plaintiff noted not having rec for the past month, yet Counselor found restriction due to failure of inmate to comply with security mandates] and 85). In the encounters with mental health professionals, the plaintiff does not attribute any pain or stress he is experiencing to a lack of out-of-cell recreation. Absent from the medical records are any reports from the plaintiff or evaluations from the medical providers of serious medical or emotional injuries suffered by the plaintiff during this period.

   The plaintiff likewise fails to present evidence to satisfy the subjective prong of the *Strickler* analysis, requiring a showing of deliberate indifference by prison officials. The United States Constitution allows prison administrators "wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). As set out by defendant Oberman in his affidavit, the plaintiff was placed in the SMU as a security risk after a key was found in his cell. Thereafter, the plaintiff incurred numerous disciplinary infractions, causing him to lose out-of-cell recreation privileges (Oberman aff. ¶¶ 3, 7). The plaintiff himself identifies some of these infractions in his complaint: failing to stand up for the count, failing to turn in sheets for laundry, and failing to keep his cell "in compliance" (comp. at p. 3). The court notes that in the medical records submitted, in an encounter with the mental health clinic on May 19, 2010 (approximately two months after the instant complaint was filed), the plaintiff is reported to have once again lost his out-of-cell exercise privileges within the past month, and he agreed that he would thereafter follow SMU policies for the restoration of those privileges (pl. med. records at encounter 74). Significantly, nowhere does he indicate to the reporting medical providers or in his filings here that he has been physically unable to

6

comply with the SMU policies. Clearly, the loss of out-of-cell exercise privileges was a sanction imposed by the SMU staff for the plaintiff's ongoing disciplinary violations, a reasonable sanction that the plaintiff could have lifted by obeying simple SMU policies. *See Joe v. Ozmint*, C.A. No. 2:08-585-PMD-RSC, 2008 WL 5076858, at *5 (D.S.C. Nov. 21, 2008) (finding "a restriction on an inmate's right to exercise, even a complete deprivation of the right to exercise for a temporary period of time, does not rise to the level of a constitutional violation unless it is so extreme that it has an adverse impact on the inmate's mental or physical well-being. This is particularly true when the deprivation is brought about by the inmate's own dangerous behavior, which leads officials to segregate the inmate from exercising with other inmates for safety or disciplinary reasons.").

The defendants further argue that they have not been deliberately indifferent to the plaintiff's conditions of confinement. As noted above, the plaintiff had a number of requests to visit the LCI medical staff honored before, during, and after the period at issue. Indeed, the plaintiff does not argue that his medical complaints have been ignored. In addition, the plaintiff was provided both an exercise program to follow while in his cell (Oberman aff. ¶8 and attach.), and information on relaxation techniques to relieve stress (pl. med. records at p. 9). This evidence reveals that the defendants' collective state of mind was not one of deliberate indifference, but instead was one of addressing the plaintiff's physical and emotional needs, while at the same time upholding LCI's policies and disciplining the plaintiff for violating them. Accordingly, the plaintiff cannot establish an Eighth Amendment claim for cruel and unusual punishment regarding his alleged lack of out of cell exercise.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. 87) be granted. Should the district court adopt this recommendation, any pending nondispositive motions will be rendered moot.

April 6, 2011                                                                s/Kevin F. McDonald
Greenville, South Carolina                                         United States Magistrate Judge

7